ALTENBERND, Judge,
Concurring.
I fully concur in this opinion. I write only to observe that unintentionally the Department of Corrections is contributing to the problems caused by duplicative judgments in criminal cases. The confusion arises from the uniform commitment form that the Department designed and supplies to the circuit courts. See § 944.17(4), Fla. Stat. (2010). The standard form is confusing and makes no reference to an order of revocation of probation or community control. A reference to an order of revocation would be helpful because the Department probably needs to obtain a certified copy of such an order when it takes custody of a defendant who is serving a split sentence and who returns to prison as a result of a violation of probation or community control.
The standard form, which gives the sheriff the authority to transfer a prisoner from county jail to the Department, explains that the defendant has been “duly convicted” “as appears from the attached certified copies of indictment or information filed, judgement [sic] and sentence, and felony disposition and sentence data from which are hereby made parts hereof.” I would note that, at least in the Second District, some clerks spell “judgment” correctly and others spell it “judgement.” I am also not certain whether the Department’s form is referring to a “felony disposition and sentence data form[,] which” is made part of the commitment package, or to “felony disposition and sentence data *67 from which” is made part of the package; we receive both versions of the uniform commitment form from clerks within this circuit.[1]
Typographical issues aside, some circuit courts have read the standard uniform commitment form as requiring them to enter duplicative judgments when imposing a sentence on a violation of probation. In actuality, the circuit court must enter a judgment on a violation of probation “unless [the defendant] has previously been adjudged guilty.” See § 948.06(2)(e), Fla. Stat. (2010) (emphasis added). Thus, the circuit court only enters a judgment on a violation of probation in those instances when it withheld an adjudication of guilt, i.e., withheld judgment, at the time it originally imposed probation.
Section 948.06 does not expressly state that an order of revocation of probation or community control is the order otherwise entered in this context, but such an order is implied by that statute. The legislature has expressly identified the order revoking probation as the appealable order. See § 924.06(1)(e), Fla. Stat. (2010). The supreme court has created a form order for use on revocation of probation and community control. See Fla. R.Crim. P. 3.995. I assume the Department has adopted the uniform order on revocation of probation and community control as the law requires. See § 944.17(4).
Although this case is not an example, this court continues to receive many appeals from defendants whom the circuit courts have sentenced and transferred to the Department without the necessary order of revocation of probation. Instead of the order of revocation, this court receives duplicative judgments. These duplicative judgments are, at best, confusing and unnecessary. Hopefully, they are harmless in most contexts. While such a duplicative judgment is unnecessary and usually harmless, the absence of the order of revocation of probation is not. That order is the predicate order empowering the circuit court to enter a new sentence without violating double jeopardy. Accordingly, this court regularly relinquishes jurisdiction to the circuit court, requiring the circuit court to enter this essential order.
If the uniform order of commitment, or the regulations accompanying that form, explained the need for the Department to receive an order of revocation of probation or community control and not a duplicative judgment when taking custody of a prisoner in this context, this problem could be quickly eliminated.

. Although this form is apparently designed and supplied by the Department, I have found no administrative regulations that address the uniform commitment form and do not know when the Department last revised the form.